UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No. _____

JUNE GANPAT and RICARDO TONG CHIN, )
        Plaintiffs, )
v. )
AVENTURE INVESTMENT REALTY, INC., a Florida Corporation, ANDRE PIGUET, an individual, and, MYRON BAILEY, an individual )
        Defendants.

# COMPLAINT

The Plaintiff, JUNE GANPAT ("Ganpat") and RICARDO TONG CHIN ("Tong Chin") ("collectively Plaintiffs") sue the Defendants, AVENTURE INVESTMENT REALTY, INC.; ANDRE PIGUET, MYRON BAILEY (collectively the "Defendants"), and allege:

1. This is an action to recover money damages for minimum wage, unpaid overtime wages, retaliation, and tax fraud and misclassification under the laws of the United States and Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act") and 26 U.S.C. § 7434.

2. Plaintiff Ganpat is a resident of Broward County, Florida, within the jurisdiction of this Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff Tong Chin is a resident of Broward County, Florida, within the jurisdiction of this Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

4. The Corporate Defendant AVENTURE INVESTMENT REALTY, INC. ("Corporate Defendant") is a Florida corporation duly organized and existing under the laws of the State of Florida and its main place of business in Broward County, Florida, where Plaintiff's worked for Corporate Defendant, and at all times material hereto were and is engaged in interstate commerce.

5. The individual defendant ANDRE PIGUET ("Piguet"), upon information and belief, resides in France, and was and is the Owner and/or Officer of the Corporate Defendant and conducts business in Broward County, Florida.

6. The individual defendant MYRON BAILEY ("Bailey") conducts business in Broward County, Florida, and was the bookkeeper and Registered Agent for the Corporate Defendant at all times material.

7. Piguet and Bailey were employers of Plaintiffs within the meaning of Section 3(d) of the Act [29 U.S.C.§ 203(d)], in that they acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs.

8. Piguet and Bailey had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

9. Piguet and Bailey, are and were, at all times relevant, persons in control of the of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

10. Piguet and Bailey willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and

remains owing Plaintiffs the below wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

11. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

12. All conditions precedent to bringing this action have occurred, been performed or been excused.

13. Plaintiffs have retained the undersigned counsel in order that their rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

14. Corporate Defendant is the owner of three apartment buildings and performs the commercial activity of rental of residential apartments, in Broward County, where Plaintiffs worked and lived.

15. At all times material, Corporate Defendant is under the administration and common control of Defendant Piguet.

16. Upon information and belief, Corporate Defendant was also under the administration and common control of Defendant Bailey from June 2016 through September 2019.

17. During their employment Plaintiffs worked under the supervision and control of Piguet and Bailey.

18. Because the work performed by Plaintiffs simultaneously benefited Defendants and directly or indirectly furthered their joint interest, Corporate Defendant, Piguet and Bailey

3

are the joint employers of Plaintiffs under the Act's broad definition of "employer," (29. U.S.C. §203(d)).

19. Defendants employed Plaintiff Ganpat as a Resident Property Manager from on or about June 2016 through August 31, 2019. Plaintiff Ganpat was provided with a residential unit, as a condition for employment on one of the properties owned by the Corporate Defendant for the convenience of Defendants and the residents of the properties. Plaintiff Ganpat was also promised a wage of $15.00 per hour, in addition to her housing, as compensation for her work.

20. Plaintiff Ganpat performed the duties of a Resident Property Manager, which included administrative work for three apartment complexes; such as collecting rent, addressing residents complaints and concerns and cordinating the repair and replacement of appliances. Plaintiff Ganpat was on call 7 days a week and worked in excess of 40 hours weekly. During the time Plaintiff worked for Defendants she did not receive a salary or any payment. Plaintiff Ganpat was not paid at the minimum wage rate as provided by Federal and Florida law.

21. Defendants employed Plaintiff Tong Chin as a Resident Maintenance Worker from on or about June 2016 through August 31, 2019. Plaintiff Tong Chin was provided with a residential unit to be shared with Plaintiff Ganpat, as a condition for employment on one of the properties owned by the Corporate Defendant and for the convenience of Defendants and the residents of the properties. Plaintiff Tong Chin was also promised a wage of $15.00 per hour, in addition to his housing as compensation for his work.

22. Plaintiff Tong Chin performed the duties of a Resident Property Maintenance Worker, which included various maintenance and repair work. Plaintiff Tong Chin was on call 7 days a week and worked in excess of 40 hours weekly. During the time Plaintiff Tong Chin

worked for Defendants he did not receive a salary or any payment. Plaintiff Tong Chin was not paid at the minimum wage rate as provided by Federal and Florida law.

23. Plaintiffs purchased appliances and materials for the apartment complexes for which they were reimbursed.

24. Unknown to Plaintiffs, Bailey prepared IRS Form 1099 on behalf of the Corporate Defendant for Plaintiffs for 2018 and offered to prepare their tax returns. Bailey claimed that the Plaintiffs were paid for their work through a 1099 in 2018, when in fact, the amounts listed on the 1099 was the amount reimbursed to Plaintiffs for purchasing appliances and materials for the apartment complexes.

25. Defendants continuously promised to pay Plaintiffs, however, they were never paid.

26. On July 1, 2019, Plaintiffs complained, through the undersigned, and demanded payment for their services.

27. As a direct consequence of their requests, on or about September 10, 2019, Plaintiffs were terminated and asked to vacate the apartment they had resided in during their employment.

## COUNT I: FEDERAL MINIMUM WAGE VIOLATION

28. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

29. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

30. Between June 2016 through August 31, 2019, Plaintiff worked an average of 40

hours a week for the Defendants.

31. Plaintiffs were not paid any wages for said work in violation of the Act.

32. Defendants are joint employers pursuant to 29 C.F.R §791.2 and, at all times pertinent to this Complaint, were engaged in interstate commerce. Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use internet and telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce. Upon information and belief, the combined annual gross $500,000 per annum, and/or Plaintiffs by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

33. By reason of the foregoing, Defendants are enterprises engaged in commerce and/or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, Defendants' businesses qualify for enterprise coverage.

34. Plaintiffs were non-exempt employees who, through their daily activities regularly handled or worked on goods that were moved across state and international lines at any time in the course of business, therefore Defendants qualify for individual coverage.

35. Defendants unlawfully failed to pay minimum wages to Plaintiffs. Plaintiffs seek to recover minimum wage violations accumulated from June 2016 to September 2019 or approximately 117 weeks.

36. The records, if any, concerning the numbers of hours actually worked by Plaintiffs and the compensation actually paid to them should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

37. Defendants violated the record keeping requirements of the Act, 29 CFR Part 516.

38. Defendants violated the posting requirements of 29 U.S.C. § 516.4.

39. Individual Defendants Piguet and Bailey ("Individual Defendants") are/were owners/officers/supervisors of the Corporate Defendant. Individual Defendants are employers of Plaintiffs within the meaning of Section 3(d) of the Act in that these Individual Defendants acted directly in the interests of the Corporate Defendant in relation to its employment of Plaintiffs. The Individual Defendants had operational control of the business and are jointly and severally liable for Plaintiff's damages.

40. The Individual Defendants were and are, at all times relevant, persons in control of the Corporate Defendant's financial affairs and can cause Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

41. Defendants willfully and intentionally refused to pay Plaintiffs minimum wages and knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages. Defendants never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201et

   seq. and other Federal Regulations;

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages with interest;

C.  Award Plaintiffs an equal amount in double damages/liquidated damages;

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and,

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT II: FAILURE TO PROMPTLY PAY PLAINTIFFS

37.  Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

38.  Plaintiffs were employed with Defendants from approximately June 2016 to August 31, 2019 as a Resident Property Manager and Resident Maintenance Worker.

39.  Defendants violated the Act's prompt payment requirements, 29 U.S.C. §206, by failing to pay Plaintiffs on a regular and customary payday(s).

40.  Defendants knew and/or showed reckless disregard for the provisions of the Act and its regulations concerning prompt, regular payment of wages.

41.  Plaintiffs are entitled to recover liquidated damages in an amount equal to his/her actual damages, for the Defendants' Acts violations.

42.  Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable

Court:

    A.    Judgment in their favor and against Defendants for all unpaid wages due or payable;

    B.    Award Plaintiffs an equal amount in double damages/liquidated damages;

    C.    Prejudgment and post-judgment interest;

    D.    Award Plaintiffs reasonable attorneys' fees and costs of suit; and,

    E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT III: WAGE AND HOUR FEDERAL OVERTIME (FLSA)

43. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

44. This action is brought by Plaintiffs to recover from Defendants overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are and, at all times pertinent to this complaint, were engaged in interstate commerce. At all times pertinent to this complaint, Defendants operated as joint employers which sells and/or markets its services and/or goods to customers from throughout the

United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Defendants obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Defendants were at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs, and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

46. By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs, and those similarly-situated, were engaged in interstate commerce for Defendants. Defendants' business activities involve those to which the FLSA applies. Defendants operate a rental community and, through its business activity, affects interstate commerce. Plaintiffs' work for Defendants likewise affects interstate commerce.

47. While employed by Defendants, Plaintiffs routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which they were employed. Plaintiffs were employed as a Resident Property Manager and Resident Property Maintenance Worker.

48. Plaintiffs were no compensated for any work done and specifically were not compensated for any overtime work performed in excess of 40 per week.

49. Plaintiffs seek unpaid overtime wages from 3 years from the filing of this lawsuit

50. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

   A. **June Ganpat**

   - <u>Overtime Wages Calculation</u>: $15.00 x .5 = $7.50 (overtime rate) x 10(approximate weekly overtime hours) x 171 (approximate compensable weeks) = $12,825.00

   - Liquidated Damages: $12,825.00

   B. **Ricardo Tong Chin**

   - <u>Overtime Wages Calculation</u>: $15.00 x .5 = $7.50 (overtime rate) x 10(approximate weekly overtime hours) x 171 (approximate compensable weeks) = $12,825.00

   - Liquidated Damages: $12,825.00

51. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said FLSA.

52. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs, these overtime wages since the commencement of Plaintiffs' and Plaintiffs are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime payments.

53. Defendants willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

54. Defendants willfully and intentionally failed to keep records of all hours worked by Plaintiffs and of all payments made to Plaintiffs pursuant to the Act and the Code of Federal Regulations.

55. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

### COUNT IV: FEDERAL STATUTORY VIOLATION
### PURSUANT TO 29 U.S.C. 215 (a)(3) (RETALIATION)

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

57. Defendants willfully and intentionally refused to pay Plaintiffs their legally owed wages as required by the laws of the United States and remains owing Plaintiffs these wages as set forth above.

58. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge *or in any manner discriminate* against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

59. Plaintiffs demanded their unpaid wages to the Defendants on several occasions up until the time they retained their undersigned attorney.

60. Plaintiffs were still employed with Defendants upon their retention of their undersigned attorney.

61. Once they retained their attorney and Defendants were placed on notice of their claim, Plaintiffs were retaliated against and they were terminated and asked to vacate the apartment in which they resided.

62. Plaintiffs complaints and demand for payment constituted protected activity under the Act.

63. The motivating factors, which caused the actions described above, were the complaints seeking the payment of minimum and overtime wages from the Defendants. In other words, Plaintiffs would not have been terminated but for their complaints and demand for wages.

64. The Defendants' actions against Plaintiffs, as described above, are in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiffs have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Act.

B. Enter judgment against Defendants that Plaintiffs recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29U.S.C. § 216(b);

C. Order that Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and,

E. Plaintiffs further pray for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT V: FLORIDA MINIMUM WAGE VIOLATION

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

66. This action is brought by Plaintiffs to recover from the Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable

14

attorney's fees under the provisions of Florida Statute Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

67. The Florida Minimum Wage Act states "... employers shall pay employees a minimum wage at an hourly rate of:[ $8.05 (2016), $8.10 (2017), $8.25 (2018) and $8.46 (2019] for all hours worked in Florida. Fla. Stat. §448.110.

68. Defendants employed Plaintiffs from approximately June 2016 to August 31, 2019 as a Resident Property Manager and Resident Maintenance Worker.

69. Plaintiffs were not compensated at the minimum wage rate for the all hours worked per week. Plaintiffs seek to recover for unpaid minimum wages accumulated from June 2016 to August 31, 2019.

70. The records, if any, concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to Plaintiffs should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

71. Corporate Defendants showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

72. Individual Defendants was, and is now, owner/officer/supervisor of the Corporate Defendant. According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, the Individual Defendants were employers of Plaintiffs within the meaning of the Florida Minimum Wage act

pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the Individual Defendants acted directly in the interests of the Corporate Defendants in relation to its employment of Plaintiffs. Individual Defendants had operational control of the business, supervised Plaintiffs, and is jointly liable for Plaintiffs' damages.

73. Defendants willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of Florida as set forth above and remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

74. Pursuant to Fla. Stat. 448.110, on July 1, 2019, Plaintiffs have provided Defendants with notice of Plaintiffs' minimum wage claims (*i.e.* the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages).

75. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Enter judgment against Defendants on the basis of Defendants' willful violations of the Florida Minimum Wage Act;

B. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Order that Plaintiffs recover an award of reasonable attorney fees, costs, and expenses; and,

E. Plaintiffs further pray for such additional relief as the interests of justice may require.

**JURY DEMAND**

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT VI: RETALIATORY DISCHARGE IN VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

77. Defendants willfully and intentionally refused to pay Plaintiffs their legally owed wages as required by the laws of the State of Florida and remains owing Plaintiffs these wages as set forth above.

78. The Florida Minimum Wage Act states "... employers shall pay employees a minimum wage at an hourly rate of:[ $8.05 (2016), $8.10 (2017), $8.25 (2018) and $8.46 (2019] for all hours worked in Florida. Fla. Stat. §448.110.

79. The Florida Minimum Wage Act, Fla. Stat.§448.110 (5) prohibits an employer from retaliating against an employee for exercising his or her rights.

80. Plaintiffs demanded their unpaid wages to the Defendants on several occasions up until the time they retained their undersigned attorney.

81. Plaintiffs were still employed with Defendants upon their retention of their undersigned attorney.

82. Once they retained their attorney and Defendants were placed on notice of their claim, Plaintiffs were retaliated against and they were terminated and asked to vacate the apartment in which they resided.

83. Plaintiffs' complaints and demand for payment constituted protected activity under the Florida Minimum Wage Act.

84. The motivating factors, which caused the actions described above, were the complaints seeking the payment of minimum and overtime wages from the Defendants. In other words, Plaintiffs would not have been terminated but for their complaints and demand for wages.

85. The Defendants' actions against Plaintiffs, as described above, are in direct violation of Florida Minimum Wage Act and, as a direct result, Plaintiffs have been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Enter judgment against Defendants on the basis of Defendants' willful violations of the Florida Minimum Wage Act;

B. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Order that Plaintiffs recover an award of reasonable attorney fees, costs, and expenses; and,

E. Plaintiffs further pray for such additional relief as the interests of justice may allow.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT VII: FRAUDULENT TAX MISCLASSIFICATION

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

87. This is an action under 26 U.S.C. § 7434.

88. Plaintiffs have worked for Corporate Defendant from June 2016 to August 31, 2019 as a Resident Property Manager and Resident Maintenance Worker.

89. Plaintiffs, at all times relevant, were employees working full time at the direction and control of the Defendants.

90. The Corporate Defendant improperly classified Plaintiffs as independent contractors.

91. This improper classification was done so that the Corporate Defendants could avoid complying with Federal and state laws, including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

92. The Corporate Defendant is in violation of 26 U.S.C. §7434 and Plaintiff is entitled to damages pursuant to §7434(b)(1)-(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Ganpat and Tong Chin, respectfully request that this Honorable Court:

A. Enter judgment against Corporate Defendant pursuant to 26 U.S.C. §7434(b)(1)-(3);

B. Order that Plaintiffs recover an award of reasonable attorney fees, costs, and expenses; and,

C. Plaintiffs further pray for such additional relief as the interests of justice may allow.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: April 20, 2020.

Respectfully submitted,

By: *s/ Ria N. Chattergoon*
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
Email: ria@therclawgroup.com
RC Law Group
3900 Hollywood Blvd., Suite 301
Hollywood, FL 33021
Telephone: (954) 400-1620
Facsimile: (954) 400-1676