UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-60816-DIMITROULEAS

JUNE GANPAT and
RICARDO TONG CHIN

       Plaintiffs,

v.

AVENTURE INVESTMENT REALTY, INC.,
A Florida corporation, ANDRE PIGUET, an
individual, and MYRON BAILEY, an
individual

       Defendants.
_____/

**DEFENDANT AVENTURE INVESTMENT REALTY, INC.'s
MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS
and Incorporated Memorandum of Law**

       Defendant, AVENTURE INVESTMENT REALTY, INC., through counsel, hereby move this Honorable Court to dismiss the complaint for insufficiency of service of process pursuant to Rule 12(b)(5), Fed.R.Civ.P.

       Plaintiffs failed to use diligent efforts to properly serve the corporate defendant by attempting at each instance noted on the affidavit of "no service" that every attempt at service was made outside of the hours set forth in the state-law statute on service upon a corporation through its Registered Agent.  Fla. Stat. §48.091.

       Thereafter, in addition to the failure of diligent efforts to serve Defendant AVENTURE INVESTMENT REALTY, INC. Plaintiffs failed to comply strictly with the statutes on substitute service, specifically Fla. Stat. §48.181, by applying a statute

intended for service on a non-resident doing business in Florida, whereas AVENTURE INVESTMENT REALTY, INC., is a Florida corporation.

Additionally, Plaintiffs compounded the error of applying the statute on substituted service on a non-resident by failing to apply Fla. Stat. §48.161, which case law provides is to be read in pari materia with Fla. Stat. §48.181.

In further support, Defendant AVENTURE INVESTMENT REALTY, INC., sets forth a memorandum of law, as follows:

## MEMORANDUM OF LAW

**I. SERVICE OF PROCESS**

Rule 4(h), Fed.R.Civ.P., provides, inter alia, that:

> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

The propriety of service issuing from a federal court need not necessarily be tested by the same yardstick as is the constitutional limitation upon service of process from a state court, but the latter standard prove helpful and often used guideline.  Time, Inc. v. Manning, 366 F.2d 690, 694 (5th Cir. 1966).  In this case, the Plaintiffs, too, opted to follow the state court service protocol for service on a corporation.

### A. NO DUE DILIGENCE IN ATTEMPTING SERVICE

Even before using the substitute service statutes, a plaintiff must 'demonstrate the exercise of due diligence in attempting to locate the defendant. Alvarado-Fernandez v. Mazoff, 151 So.3d 8, 16 (Fla. 4th DCA 20180 (quoting Wiggam v. Bamford, 562 So.2d 389, 391 (Fla. 4th DCA 1990); see also Coastal Capital Venture, LLC v. Integrity Staffing Sols., Inc. , 153 So.3d 283, 285 (Fla. 2d DCA 2014) ("Substitute service is unauthorized if personal service could be obtained through reasonable diligence.").

Attached to Plaintiffs' Response to Order to Show Cause of July 27, 2020 [D.E. 7] is a return of non-service for AVENTURE INVESTMENT REALTY, INC.  The return shows that the process server on four occasions attempted service at the registered office address of the corporation and for the designated Registered Agent.  See, Exhibit A to this Motion, 2020 Annual Report, Aventure Investment Realty, Inc.

Fla. Stat. 48.091(2), provides that a

> Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours.

A close examination of the return of non-service shows that on each occasion set forth in the return of non-service, the attempts at service were made at times outside the window of 10 a.m. to 12 noon, the required hours of opening under the statute.

The test for determining the sufficiency of constructive or substitute service is not whether it was in fact possible to effect personal service in a given case, but whether the plaintiff reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the

3

information necessary to enable the plaintiff to effect personal service on the defendant. *Societe Hellin, S.A. v. Valley Commercial Capital, LLC*, 254 So.3d 1018, 1020 (Fla. 4th DCA 2018); see also, *Torrelli v. Travelers Indemnity Co.*, 495 So.2d 837, 838 (Fla. 3d DCA 1986).

An example of what not to do is found in *Knabb v. Morris*, 492 So.2d 839, 840-41(Fla. 5th DCA 1986). After a car accident, the plaintiff hired an investigator who attempted service at three different addresses. The plaintiff also checked the telephone directory, the postal service, and several utility companies before attempting substitute service. *Id.* at 840-41. Florida's Fifth District Court of Appeal held that those efforts did not constitute due diligence because the plaintiff ignored certain obvious leads, including the vehicle accident report which contained the addresses of the occupants of the defendant's car, who the plaintiff could have contacted to inquire about the defendant's whereabouts.

On the other hand, in *Alvarado-Fernandez*, 151 So.3d 8, 16 (Fla. 4th DCA 2018, after a car accident, the plaintiff repeatedly tried to serve the defendant in Colombia, where the defendant was a citizen. The plaintiff used the address and driver's license number that the defendant had supplied to her rental car company, but that information was incorrect. The plaintiff sought discovery from the rental car company, hired two separate attorneys to try and find the defendant in Colombia, and investigated social media, but could not locate the defendant. Under these facts, Florida's Fourth District Court of Appeal held that the plaintiff's efforts were duly diligent so as to justify substitute service.

4

Plaintiffs did not report any efforts at serving Defendant AVENTURE INVESTMENT REALTY, INC. other than the four ill-timed attempts at service at the registered office and office of the registered agent for the corporation.

On the whole, the Plaintiffs have not established that they made a diligent inquiry, and neither did they make a showing of having put forth the exertion of an honest and conscientious effort appropriate to the circumstances to effect service upon a Florida corporation, AVENTURE INVESTMENT REALTY, INC.

**B. NO STRICT COMPLIANCE WITH SUBSTITUTE SERVICE STATUTES**

Service was attempted pursuant to and Sec. 48.181, Florida Statutes. This statute allow for substitute service on nonresidents of the State of Florida.   This statute is directed to

> Any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations

Fla. Stat. §48.181(1).

Fla. Stat. 48.181 is concerned with any action or proceeding against a person who is resident of any other state or country…arising out of any transaction or operation connected with or incidental to the business or business venture.

Defendant AVENTURE INVESTMENT REALTY, INC. is a Florida corporation, not only as one can see from the Exhibit A, the year 2020 Annual Report to the Florida Secretary of State, but it is also acknowledged by Plaintiffs in paragraph 4 of the Complaint.  [D.E. 1].

5

Once substitute service is selected, these statutes must be strictly complied with. Parish Mortgage Co. v. Davis, 251 So.2d 342, 343 (Fla. 3rd DCA).

The Plaintiffs did not meet the requirement of strict compliance with Florida legislation setting forth the standards for substituted service of process in lieu of service of process on a Florida corporation.

In this case, the Florida statutes were not complied with, where Plaintiffs failed first to make diligent efforts at service on the corporation, pursuant to Fla. Stat. §48.081 (Service on corporation), and then in attempting to apply substituted service intended for service on non-residents in the state.

**C.  INAPPLICABLRE STATUTE AND FURTHER FAILURE TO COMPLY WITH SUBSTITUTE SERVICE STATUTES**

As set forth above, Section 48.181, Fla. Stat., authorizes the use of substituted service when suing a foreign person resident of any other state or country, on claims arising out of its business, by serving process on the Secretary of State as its "appointed" agent.  Although the statute also addresses a person "concealing his or her whereabouts," Plaintiffs cannot establish that a Florida corporation is concealing itself by attempting service on the registered office and registered agent even four times (including two in one day), if always outside of the required hours of opening under Fla. Stat. 48.091(2).

Further to this, Section 48.161, Fla. Stat., sets forth the method of substituted service on nonresidents.   For this reason, Sections 48.161 and 48.181 must be read

together for service to be effective. See, *Atlas Van Lines, Inc. v. Rossmoore*, 271 So.2d 31, 32 (Fla. 2d DCA 1972), accord, *Conde v. Professional Mediquip of Florida, Inc.*, 436 So.2d 322, 323 (Fla. 4th DCA 1983) (the two statutory sections are complementary and must be read in pari materia with each other).

According to the courts in Florida, Sections 48.161 and 48.181 must be read together for service to be effective. See, <u>Atlas Van Lines, Inc. v. Rossmoore</u>, 271 So.2d 31, 32 (Fla. 2d DCA 1972); <u>Leviten v. Gaunt</u>, 347 So.2d 452, 453 (Fla. 3rd DCA 1977).

Plaintiffs have failed in the required strict compliance with the substituted service statutes by failing to comply with Fla. Stat., §48.161.

Section 48.161(1) imposes additional requirements upon the plaintiff utilizing substitute service, and provides that:

> Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, <u>and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed</u> on or before the return day of the process or within such time as the court allows […] (emphasis supplied)

The Plaintiffs' failure of strict compliance goes to the failure to mail notice of service and a copy of the process by registered or certified mail, but also in the failure to file the return receipt and an affidavit of compliance. This takes on greater importance when viewing the "return of service" from the Florida Department of State [D.E. 16] which states prominently: THE SECRETARY OF STATE DOES NOT FORWARD DOCUMENTATION TO THE DEFENDANT.

This explains why, despite the representation on the face of the Florida Department of State document that a copy of the process and initial pleading…was filed

7

on July 30, 2020 at 04:00 P.M., Defendant AVENTURE INVESTMENT REALTY, INC. was not, in fact, served with a copy of the summons and complaint.

It has been held that the liberal construction of Rule 4, Fed.R.Civ.P. cannot be utilized as a substitute for the plain legal requirements of the rule as to the manner in which service of process may be had on a corporation.  *U.S. v. Mollenhauer Laboratories, Inc.*, 267 F.2d 260, 262 (7th Cir. 1959).

The primary purpose of Rule 4, Fed.R.Civ.P., providing for process is to give adequate notice of the pendency of an action.  *Sechrist v. Palshook*, 97 F.Supp. 505, 507 (E.D. Pa. 1951)

Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit.  *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).  Here, the Plaintiffs failed in the first purpose, and led the court astray on the second.

WHEREFORE, Defendant AVENTURE INVESTMENT REALTY, INC. prays that this Honorable Court grant this motion and enter an order dismissing the Complaint as to Defendant AVENTURE INVESTMENT REALTY, INC.

        Respectfully submitted,

      By: <u>S/David S. Willig</u>
        David S. Willig Chartered
        Fla. Bar No. 779539
        2837 SW 3rd Ave
        Miami, FL 33129
        Tel: (305) 860-1881
        <u>dswillig@aol.com</u>
        *Attorney for Defendant AVENTURE INVESTMENT REALTY, INC.*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this____ day of September, 2020, I served the foregoing Defendant AVENTURE INVESTMENT REALTY, INC.s Motion to Dismiss for Insufficiency of Service of Process, upon RIA CHATTERGOON, PLLC, Attorney for Plaintiffs v**ia CM/ECF.**

                                          By:        S/David S. Willig      
                                                   David S. Willig Chartered
                                                 2837 SW 3rd Ave
                                               Miami, FL 33129
                                             Tel: (305) 860-1881
                                               *dswillig@aol.com*
                                             *Attorney for Defendant AVENTURE*
                                             *INVESTMENT REALTY, INC.*

# EXHIBIT A

# 2020 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# P03000147839

**Entity Name:** AVENTURE INVESTMENT REALTY, INC.

**FILED**
**Jan 02, 2020**
**Secretary of State**
**6452834360CC**

**Current Principal Place of Business:**

2450 HOLLYWOOD BLVD
 200B
HOLLYWOOD, FL 33020

**Current Mailing Address:**

2450 HOLLYWOOD BLVD
 200B
HOLLYWOOD, FL 33020 US

**FEI Number:** 02-0713110

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

NAON & CO. LLC
2450 HOLLYWOOD BLVD
 200B
HOLLYWOOD, FL 33020 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: SIMON NAON                                                                                      01/02/2020
          Electronic Signature of Registered Agent                                                           Date

**Officer/Director Detail :**

| | | | |
|---|---|---|---|
| Title | PD | Title | TREASURER |
| Name | PIGUET, ANDRE | Name | NAON, SIMON L |
| Address | 2450 HOLLYWOOD BLVD 200B | Address | 2450 HOLLYWOOD BLVD 200B |
| City-State-Zip: | HOLLYWOOD FL 33020 | City-State-Zip: | HOLLYWOOD FL 33020 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: SIMON NAON                                      T                                       01/02/2020
          Electronic Signature of Signing Officer/Director Detail                                           Date