UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-60816-CIV-DIMITROULEAS/SNOW

JUNE GANPAT and
RICARDO TONG CHIN,

        Plaintiffs,

v.

AVENTURE INVESTMENT REALTY, INC.,
a Florida corporation, ANDRE PIGUET, an
individual, and MYRON BAILEY, an
individual,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Defendant Aventure Investment Realty, Inc.'s and Defendant Andre Piguet's (collectively "Defendants") Motions to Dismiss for Insufficiency of Service of Process (ECF Nos. 20; 23), filed on September 3, 2020, and September 4, 2020, respectively. The Honorable William P. Dimitrouleas referred the aforementioned Motions to the undersigned for appropriate disposition or Report and Recommendation. (ECF No. 22; No. 24) The Motions are now ripe for review.

**I. PROCEDURAL BACKGROUND**

On April 4, 2020, the Plaintiff June Ganpat ("Ganpat") and Ricardo Tong

Chin ("Tong Chin") (collectively "Plaintiffs") brought the underlying action for money damages for minimum wage, unpaid overtime wages, retaliation, and tax fraud and misclassification pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (2020) and 26 U.S.C. § 7434 (2020). (ECF No. 1 at 1)  On July 27, 2020, the Court issued an Order to Show Cause For Failure to Comply with Rule 4(m) of the Federal Rules of Civil Procedure since the record failed to evidence that Defendants had been served with the Complaint and summonses within 90 days after the Complaint was filed.  (ECF No. 6)

Plaintiffs responded to the Order to Show Cause (ECF No. 6) and requested an additional 75 days to effectuate service due to the difficulties caused by the COVID-19 pandemic. (ECF No. 7 at 2)  Plaintiffs indicated that their process server had attempted to serve Defendants for over two months without success, further Plaintiffs stated that they had sought a Waiver of Service pursuant to Fed. R. Civ. P. 4(d) from Aaron W. Tandy, Esq., who had served as Defendants counsel in pre-suit discussions dating back to July 1, 2019, when Plaintiffs indicated that they served Defendants with a Notice of Intent to Litigate. (ECF No. 7 at 2; No. 25 at 1)

 Defendants' counsel, Mr. Tandy, informed Plaintiffs that his firm no longer represented Defendants. (ECF No. 7 at 2)  Thus, on July 24, 2020, Plaintiffs sent correspondence to the Florida Secretary of State requesting that it accept substituted service on behalf of Defendants pursuant to Fla. Stat. § 48.181 (2020). (ECF No. 7 at 2)  On July 28, 2020, the Court entered a Paperless Order Granting in Part Plaintiff's Motion for Extension of Service Deadline. (ECF No. 8)  On August 24, 2020, Plaintiffs

once again filed a Motion for Enlargement of Time to Serve Complaint (ECF No. 9) which the Court once again granted in part. (ECF No. 11) On August 28, 2020, and September 2, 2020, respectively, Plaintiffs filed a Notice of Filing Return of Service stating that the Florida Secretary of State had accepted service on behalf of Defendants. (ECF No. 14; No. 19)

Defendants filed the instant Motions on September 3, 2020, and September 4, 2020, respectively, (ECF No. 20; No. 23) alleging that Plaintiffs had failed to use diligent efforts to properly serve Defendants and that Plaintiffs had failed to strictly comply with the statute on substitute service, Fla. Stat. § 48.181.

## II. FACTUAL BACKGROUND

The affidavit of Plaintiffs' process server, Marlon McKie, states that personal service was attempted on Defendants at 2450 Hollywood Boulevard, Suite 200 B, Hollywood, FL 33020 (the "Corporate Address") on four separate occasions. (ECF No. 7-1) The Corporate Address is the address registered with the Florida Division of Corporations for Aventure Investment Realty, Inc. (ECF No. 27-1 at 3) On May 11, 2020, at 12:30 p.m., service was attempted on Defendants at the Corporate Address but the business office was closed, on June 1, 2020, at 9:35 a.m. service was attempted at the Corporate Address but once again the office was closed, on that same day at 1:35 p.m. service was again attempted but the office was still closed. (ECF No. 7-1) Finally, on June 10, 2020, at 12:40 p.m. service was attempted for the last time at the Corporate Address but the office remained closed. (ECF No. 7-1) The affidavit of Marlon McKie indicated that the name on the door to the office at the time was

3

Freedom Financial America. (ECF No. 7-1)  There was no sign identifying Aventure Investment Realty, Inc. or its registered agent.

Plaintiffs' counsel, Ria N. Chattergoon ("Chattergoon"), filed a declaration with the court on September 18, 2020. (ECF No. 27-1)  Plaintiffs' counsel affirmed that she personally visited the Corporate Address on September 18, 2020, at 11:15 a.m. and witnessed that the company listed there was Elite Management Financial. (ECF No. 27-1 at 2; ECF No. 25-4 at 3)  Counsel stated that she spoke to the owner of Elite Management Financial, Sherly Auguste, who indicated that Defendants did not occupy the suite and that Sherly Auguste had rented the suite for the past few months.[1] (ECF No. 27-1 at 2)  This is consistent with Defendants' registered agent's admission that the office located at the Corporate Address was leased to Elite Financial Management, LLC. (ECF No. 29-1 at 1–2)  Counsel also affirmed that Sherly Auguste informed her that she was not the Registered Agent for Defendants nor was she their employee. (ECF No. 27-1 at 2)  Further, Sherly Auguste advised that for several months an unknown woman, who claimed to work for Defendants, would stop by every other month to pick up Defendants' mail. (ECF No. 27-1 at 2)  Sherly Auguste was unable to give a forwarding address for Defendants. (ECF No. 27-1 at 2)  The affidavit of Defendants' registered agent, declared that he would stop by the Corporate Address on a weekly basis to retrieve mail or he would send a member of his family to do so. (ECF No. 29-1 at 2)  The affidavit fails to indicate at

---

[1] Defendants' registered agent declared in his affidavit that the lessee, Elite Management Financial, LLC, had been allowed to move in at the beginning of August. (ECF No. 29-1 at 2)  Prior to that time, the lessee appeared to be Freedom Financial America. (ECF No. 7-1)

4

what time of day Defendants' registered agent would stop by the Corporate Address. (ECF No. 29-1 at 2)

After being unable to personally serve Defendants or obtain an agreement on waiver of service pursuant to Fed. R. Civ. P. 4(d), Plaintiffs attempted to effectuate substituted service pursuant to Fla. Stat. § 48.181 by sending correspondence to the Florida Secretary of State requesting that it accept substitute service on behalf of the Defendants. (ECF No.7 at 2)  An affidavit by Craig White, Plaintiffs' courier, avers that on August 28, 2020, a package containing correspondence from the Florida Secretary of State accepting service on behalf of Aventure Realty, Inc., was placed through a mail slot at the Corporate Address. (ECF No. 25-4 at 1)  On September 4, 2020, another package containing waiver of summonses for Aventure Investment Realty, Inc. and Andre Piguet was left through a mail slot in the door of the Corporate Address. (ECF No. 25-4 at 2)  This request of a Waiver of Summonses pursuant to Rule 4(d) for both Defendants was also sent via email and priority mail to Defendants' current counsel and had previously been sent to Defendants' prior counsel. (ECF No. 25 at 4; No. 25 at 2)  Plaintiffs filed a Notice of Filing the Returns of Service with the Court on August 27, 2020, and September 2, 2020, respectively. (ECF No. 10; 19)

### III. DISCUSSION

#### A. Legal Standard

The Federal Rules of Civil Procedure require a court to dismiss an action without prejudice if a defendant is not served within the time specified in the Rule, or within the time extended by the court after a showing of good cause for a delay in perfecting service. Fed. R. Civ. P. 4(m).  As noted by this Court, "[o]nce a defendant

5

challenges service of process, the party on whose behalf [service was] made must bear the burden of establishing its validity." Kosnitzky v. F.D.I.C., No. 10-23929, 2011 WL 13220935 (S.D. Fla. Sept. 8, 2011) (internal quotations omitted).  Although a signed return of service is prima facie evidence of proper service, such evidence can be overcome by "strong and convincing evidence," and the court "may look to affidavits, depositions and oral testimony to resolve disputed questions of fact." Id.

Under Fed. R. Civ. P. 4(e), an individual defendant may be served by following the state law for service in the state where the district court is located or by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e); Dixon v. Blanc, 796 F. App'x 684, 687 (11th Cir. 2020).  In Florida, the general rule is that a defendant must be personally served. Societe Hellin, S.A. v. Valley Commercial Capital, LLC, 254 So. 3d 1018, 1020 (Fla. 4th DCA 2018).

Corporations in Florida are required to designate a registered agent and a registered office which is to be kept open from 10 a.m. to 12 p.m. between Monday and Friday to accept personal service of process. Fla. Stat. § 48.091 (2020).  The corporation must also keep a sign posted in a conspicuous place designating the name of the corporation and the name of its registered agent on whom process can be served. Id.  The requirements set forth in Fla. Stat. § 48.091 helps to facilitate personal service on a Florida corporation.

6

However, as an exception to the general rule, Fla. Stat. § 48.181 authorizes substituted service on nonresidents doing business in Florida or on defendant's who are concealing their whereabouts. Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So. 2d 1001, 1003 (Fla. 5th DCA 1994); see also Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1182 (Fla. 3d DCA 2007). When substituted service is authorized the methods of effectuating such service are set forward in Fla. Stat. § 48.161 (2020). See Atlas Van Lines, 271 So. 2d 31, 32 (Fla. 2d DCA 1972). However, "[b]efore using the substitute service statutes, a plaintiff must 'demonstrate the exercise of due diligence in attempting to locate the defendant.'" Alvarado-Fernandez v. Mazoff, 151 So. 3d 8, 16 (Fla. 4th DCA 2014).

> The test [for determining the sufficiency of constructive or substitute service] is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.

Id. at 17 (alterations in original) (citations omitted).

As substituted service is an exception to personal service, the statutory prerequisites must be strictly complied with in order to perfect service. Dixon v. Blanc, 796 F. App'x 684, 687 (11th Cir. 2020). First, the plaintiff must make the "necessary jurisdictional allegations in his complaint to clearly bring himself within the ambit of the statute." Mecca Multimedia, Inc., 954 So. 2d at 1182. "Specifically, the complaint must allege that (i) the defendant is concealing his or her whereabouts or (ii) the defendant previously conducted business in Florida, but has now become a

nonresident." Green Emerald Homes LLC v. Green Tree Servicing LLC, 230 So. 3d 607, 608 (Fla. 4th DCA 2017). After making the necessary jurisdictional allegations "the plaintiff must (i) send notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) file the return receipt from the defendant, and (iii) file an affidavit of compliance." Dixon, 796 F. App'x at 687 (citing Green Tree Servicing LLC, 230 So. 3d at 608).

The jurisdiction of the court over a party can be acquired either through service of process or their voluntary appearance. See Herndon v. Ridgway, 58 U.S. 424, 425 (1854). However, a defensive filing which does not seek affirmative relief on the merits does not amount to a waiver of objection to service which subjects a litigant to the court's jurisdiction. Bornstein v. Bank of N.Y. Mellon, 219 So. 3d 832, 834 (Fla. 4th DCA 2017); see Segalis v. Roof Depot USA, LLC, 178 So. 3d 83, 85 (Fla. 4th DCA 2015) (noting that for a filing to constitute a general appearance sufficient to waive a challenge to jurisdiction, "it must seek some sort of affirmative relief on the merits of the case."); see also Banco de Costa Rica v. Rodriguez, 573 So. 2d 833, 834 (Fla. 1991) (holding defendant's filing of motion to quash deposition subpoena raising lack of service was a defensive action that did not result in waiver of claim of lack of personal jurisdiction). Thus, a defensive filing which does not seek affirmative relief from the court is not a waiver of a litigant's ability to object to service and does not amount to a voluntary appearance which subjects a litigant to the court's jurisdiction. See Bornstein, 219 So. 3d at 834.

## B. Statute of Limitations

Florida courts prefer cases be determined on the merits rather than by a technicality. See Chaffin v. Jacobson, 793 So. 2d 102, 104 (Fla. 2d DCA 2001) (finding that discretion must be exercised with the understanding that Florida has a policy of favoring resolution of disputes on the merits and therefore should be in favor of giving the plaintiff an extension of time for service of process in cases where the statute of limitation has expired).  In the instant case, a claim under the Fair Labor Standards Act must be commenced within two years after the cause of action accrued or within three years of accrual if the cause of action arises out of a willful violation. See 29 U.S.C. § 255(a) (2020).  While Plaintiffs do allege that Defendants committed a willful violation of the Fair Labor Standards Act in their Complaint (ECF No. 1 at 7), the undersigned finds that a dismissal of the instant case arguably could result in barring, at a minimum, six months of Plaintiffs' claim for alleged unpaid minimum wages and overtime due to the running of the relevant statute of limitations. See 29 U.S.C. § 255(a).  Further, in the event that Plaintiffs are unable to prove their willfulness allegation, a dismissal of the instant case arguably could result in barring, at a minimum, nearly three-fourths of the Plaintiffs' cause of action. (ECF No. 1 at 4);  See 29 U.S.C. § 255(a).[2]

---

[2] Plaintiffs allege that they were employed by Defendants from June 2016 to August 31, 2020. (ECF No. 1 at 4)  Further, Plaintiffs allege that during this time they never received salary or any payment from Defendants. (ECF No. 1 at 4)  Thus, Plaintiffs alleged that their cause of action accrued in June of 2016 when the first violation of the FLSA occurred.  If the instant case were to be dismissed today and Plaintiffs were to immediately file a new suit, Plaintiffs would only be able to recover unpaid overtime and minimum wages dating back to October 21, 2018, assuming they were unable to prove their willfulness allegation.  This potentially would result in barring

## C. Due Diligence

The undersigned finds that Plaintiffs exercised due diligence in attempting to locate Defendants.

> The test [for determining the sufficiency of constructive or substitute service] is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.

Alvarado-Fernandez v. Mazoff, 151 So. 3d 8, 17 (Fla. 4th DCA 2014) (alterations in original) (citations omitted).  The undersigned finds that:

(1) Plaintiffs attempted to personally serve Defendants at the Corporate Address on four separate occasions; (ECF No. 7-1)

(2) The Corporate Address was the only address registered with the Florida Division of Corporations for both the corporate defendant Aventure Investment Realty, Inc. and their registered agent, Simon Naon; (ECF No. 27-1 at 3)

(3) Plaintiffs' allegation that the individual Defendant, Mr. Piguet, has no listed address in the United States other than the Corporate Address is undisputed by Defendants; (ECF No. 25 at 9; No. 29 at 4)

(4) Defendants do not dispute Plaintiffs' allegation that Plaintiffs lacked an address in France for Mr. Piguet, instead Defendants point to Plaintiffs'

---

Plaintiffs' claim for unpaid overtime and minimum wages from June 2016 to October 21, 2018, which amounts to nearly three-fourths of Plaintiffs' total claim.

general awareness that Mr. Piguet was in France in order to argue that Mr. Piguet was not concealing his whereabouts; (ECF No. 29 at 4)

(5) Defendants' registered agent admits that the office located at the Corporate Address was leased to Elite Financial Management, LLC, which is consistent with Plaintiffs' allegation that Defendants failed to keep a sign posted in a conspicuous place designating the name of the corporation (Defendant Aventure Investment Realty, Inc.) as required by Fla. Stat. § 48.091; (ECF No. 29-1 at 1–2; No. 27-1 at 2; No. 25-4 at 3)

(6) Defendants registered agent, Simon Naon, also admitted that he was not present at the Corporate Address to accept personal service during the hours of 10 a.m. to 12 p.m. due to the COVID-19 pandemic; (ECF No. 29-1 at 1–2)

(7) The affidavit of Defendants' registered agent declared that he would only stop by the Corporate Address on a weekly basis to retrieve mail or he would send a member of his family to do so; (ECF No. 29-1 at 2) and

(8) Plaintiffs' allegation that the parties had been engaged in pre-suit discussions dating back to July 24, 2019, is undisputed by Defendants. (ECF No. 7 at 2; No. 25 at 1; No. 29 at 1–2)

The undersigned finds that the aforementioned facts clearly establish that Plaintiffs "reasonably employed knowledge at [their] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [them] to effect personal service on the defendant." Alvarado-Fernandez v. Mazoff, 151 So. 3d 8, 17

11

(Fla. 4th DCA 2014). The undersigned finds that Plaintiffs followed the leads available to them, attempted service at the address available to them, and sought waiver of service of process from Defendants' attorney, all before attempting substituted service. (ECF No. 25 at 2) The undersigned finds that circumstances out of Plaintiffs' control such as the COVID-19 pandemic and Defendants' registered agent's absence from the Corporate Address, is at least partially to blame for Plaintiffs' inability to personally serve Defendants. (ECF No. 29-1 at 1–2)

### D. Waiver

The undersigned finds that Defendants did not voluntarily waive their right to service of process by filing their Motions to Dismiss for Insufficiency of Service of Process. (ECF No. 20; No. 23) A defensive filing which does not seek affirmative relief on the merits does not amount to a waiver of objection to service which subjects a litigant to the court's jurisdiction. Bornstein v. Bank of N.Y. Mellon, 219 So. 3d 832, 834 (Fla. 4th DCA 2017); see Segalis v. Roof Depot USA, LLC, 178 So. 3d 83, 85 (Fla. 4th DCA 2015) (noting that for a filing to constitute a general appearance sufficient to waive a challenge to jurisdiction, "it must seek some sort of affirmative relief on the merits of the case.") see also Banco de Costa Rica v. Rodriguez, 573 So. 2d 833, 834 (Fla. 1991) (holding defendant's filing of motion to quash deposition subpoena raising lack of service was a defensive action that did not result in waiver of claim of lack of personal jurisdiction). Defendants' Motions are defensive filings which do not seek affirmative relief on the merits of the case, as such the undersigned finds that

12

Defendants have not voluntarily waived their right to service of process. See Bornstein, 219 So. 3d at 834.

### E. Service of Process

The undersigned finds that Plaintiffs did not strictly comply with the statutory prerequisites that are required to perfect substituted service under Fla. Stat. § 48.181. Plaintiffs failed to make the "necessary jurisdictional allegations in their [C]omplaint to clearly bring [themselves] within the ambit of the statute." Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1182 (Fla. 3d DCA 2007). Plaintiffs did not allege in their Complaint or in their Amended Complaint that "(i) the defendant is concealing his or her whereabouts or (ii) the defendant previously conducted business in Florida, but has now become a nonresident." Green Emerald Homes LLC v. Green Tree Servicing LLC, 230 So. 3d 607, 608 (Fla. 4th DCA 2017).[3] Further, the undersigned also recognizes that Plaintiffs did not send notice via certified or registered mail, indicating to Defendants that substituted service had been effected, nor did Plaintiffs file a return receipt from Defendants. See Dixon v. Blanc, 796 F. App'x 684, 687 (11th Cir. 2020).

However, the undersigned also finds that due to circumstances out of Plaintiffs control, Plaintiffs ability to comply with Fla. Stat. § 48.181 was impeded. The only address available to Plaintiffs for either Defendant was the Corporate Address which was registered with the Florida Division of Corporations. (ECF No. 27-1 at 3)

---

[3] The undersigned notes, however, that Plaintiffs do allege in their Omnibus Response in Opposition to Defendants' Motion to Dismiss (ECF No. 25) that Defendants were concealing their whereabouts. (ECF No. 25 at 7–10)

Defendants' registered agent admits that the office located at the Corporate Address was subleased to Elite Financial Management, LLC, which is consistent with Plaintiffs' representation that Defendants failed to keep a sign posted in a conspicuous place designating the name of the corporation as is required by Fla. Stat. § 48.091. (ECF No. 29-1 at 1–2; No. 27-1 at 2; No. 25-4 at 3).  Further, Defendants' registered agent also admits that he was not present at the Corporate Address, after subleasing the space, during the hours of 10 a.m. and 12 p.m. to accept personal service as is required by Fla. Stat. § 48.091. (ECF No. 29-1 at 1–2)  Defendants' registered agent indicated that he only "passed by" the Corporate Address "on a weekly basis" himself or through a family member to retrieve mail. (ECF No. 29-1 at 2)

Plaintiffs argue that a package containing correspondence from the Florida Secretary of State accepting service on behalf of Aventure Realty, Inc., with all related pleadings, was hand delivered through a mail slot at the Corporate Address. (ECF No. 25-4 at 1)

### **F. Good Cause for Delay**

The undersigned finds that because circumstances out of Plaintiffs' control impeded Plaintiffs' ability to properly serve Defendants, an additional extension of time should be granted in order for Plaintiffs to properly serve Defendants.  The litigants in this matter had been engaged in pre-suit discussions dating back to July 24, 2019, a fact which Defendants do not dispute. (ECF No. 25 at 1; No. 29 at 1–2)

14

Thus, prior to the filing of the Complaint in the instant matter, Defendants had a general awareness of the dispute.

Further, Plaintiffs courier, Craig White, declared in his affidavit that he placed a package containing correspondence from the Florida Secretary of State indicating that substituted service had been accepted, through the mail slot of the Corporate address on August 28, 2020. (ECF No. 25-4 at 1)  Defendants' registered agent declared in his affidavit that he stopped by the Corporate Address weekly to retrieve mail after allowing the lessee Elite Management Financial to move in during the month of August. (ECF No. 29-1 at 1–2)  This supports Plaintiffs' contention that Defendants received the hand-delivered documents because Defendants filed their first motion to dismiss only 5 days after the correspondence from the Florida Secretary of State was delivered to the Corporate Address. (ECF No. 25 at 9)

In Carlton v. Wal-Mart Stores, the court recognized that the existence of an agreement to withhold service, the presence of settlement discussions, as well the fact that the defendant had already received a copy of the complaint was enough to constitute proof of good cause and thus, the court excused the plaintiff's delay of service. See Carlton v. Wal-mart Stores, Inc., 621 So. 2d 451, 455 (Fla. 1st DCA 1993) In the instant case, while there is no proof of the existence of an agreement to withhold service, the undersigned finds that Defendants' general awareness of the this case due to the pre-suit discussions, along with Plaintiffs' multiple attempts at personal service, which were impeded both by the COVID-19 pandemic and Defendants' noncompliance with Fla. Stat. § 48.091, weighs in favor of granting

Plaintiffs an extension of time to perfect service on Defendants. Florida law's preference for deciding cases on the merits also supports this conclusion. See Saathoff v. Duke Univ., No. 10-60392-Civ, 2010 U.S. Dist. LEXIS 54123 (S.D. Fla. June 2, 2010) (citing Chaffin v. Jacobson, 793 So. 2d 102, 104 (Fla. 2d DCA 2001)) (finding that discretion must be exercised with the understanding that Florida has a policy of favoring resolution of disputes on the merits and therefore should be in favor of giving the plaintiff an extension of time for service of process in cases where the statute of limitation has expired).

Accordingly, the undersigned recommends that Defendants' Motions to Dismiss for Insufficiency of Service of Process (ECF No. 20; No. 23) be DENIED IN PART AND GRANTED IN PART and that Plaintiffs be granted an extension of time in order to properly serve Defendants either through personal service or by strictly complying with the requirements of substitute service.

### IV. CONCLUSION[4]

After careful review of Defendants' Motions, Plaintiffs' Response in opposition and Defendants' Reply thereto, the entire case file, and the applicable law, it is hereby

RECOMMENDED that Defendants' Motions to Dismiss for Insufficiency of Service of Process (ECF No. 20; No. 23) be DENIED IN PART AND GRANTED IN PART. The Motions should be Denied to the extent that the undersigned recommends the Motions to Dismiss be Denied. The Motions should be granted to the extent that

---

[4] The Court need not address Plaintiffs' argument that the Defendants' Motions are untimely since the undersigned finds that service was not properly effectuated due to both parties' failure to comply with the applicable statutes. Fla. Stat. § 48.181; Fla. Stat. § 48.091.

16

the Court should find the service of process insufficient. Finally, the undersigned recommends allowing Plaintiffs additional time to perfect service on Defendants.

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. See 28 U.S.C. § 636(b)(1) (2020) (providing procedure for review of magistrate judge Report and Recommendation). Failure to timely file objections shall bar the parties from a de novo determination by Judge Dimitrouleas of any issue covered in this Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice. See Thomas v. Arn, 474 U.S. 140, 145–53 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016)

DONE AND SUBMITTED at Fort Lauderdale, Florida this 28th day of October 2020.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable William P. Dimitrouleas

All Counsel of Record